SAUNDERS, Respondent, vs. SAUNDERS, Appellant.

*April 12—May 18, 1943.*

The cause was submitted for the appellant on the brief of *John Garvin,* attorney, and *G. Arthur Johnson* of counsel, both of Ashland, and for the respondent on the brief of *Lamoreux & Cate* of Ashland.

FAIRCHILD, J.   The trial court ordered the city clerk to pay the pension money owing to the appellant directly to the clerk of the court to be paid to the respondent to satisfy her claims for alimony and for the support of the minor child. Regardless of the merits of respondent's claims, no fact giving the court jurisdiction to make this order to the city clerk has been shown, and it is considered that the order to said clerk was outside of the jurisdiction of the court.   This is not an attempt on the part of respondent to proceed under sec. 304.21, Stats.

Appellant relies on sec. 62.13 (9) (d), Stats., which is the exemption clause in the pension law.   It is considered that this provision is not applicable in the instant case.   See 11 A. L. R. 123; 106 A. L. R. 669.   A pension of this sort is as much for the benefit of the family and dependents of the pensioner as it is for him, and their claims cannot be defeated by relying on the exemption clause.   See *Hodson v. New York City Employees' R. System,* 243 App. Div. 480, 278 N. Y. Supp. 16.   The amount of the alimony has been re-examined by the trial judge who has indicated as clearly as he properly can the fund out of which it is to be paid.

*By the Court.*—Judgment reversed so far as the city clerk is concerned, and affirmed in other respects.