COURTNEY, Respondent, vs. COURTNEY, Defendant: POLICE-MEN'S ANNUITY & BENEFIT FUND OF MILWAUKEE, Garnishee Defendant and Appellant.

*October 15—November 18, 1947.*

444

446

For the appellant there was a brief by *Walter J. Mattison,* city attorney, and *Richard F. Maruszewski,* assistant city attorney, and oral argument by *Mr. Maruszewski.*

For the respondent there was a brief by *Rubin & Ruppa,* attorneys, and *William B. Rubin* of counsel, all of Milwaukee, and oral argument by *Nathan Ruppa.*

FAIRCHILD, J.    It is to be remembered that it is an alimony judgment which is sought to be enforced here.    Such judgments differ from other judgments in these respects: They are always in the control of and subject to revision by the court; they do not create the debtor-creditor relationship of the usual sort.    According to the weight of authority a husband is not entitled to claim an exemption against a claim established in a judgment recovered by his wife for alimony

or for support and maintenance of herself and children. 35 C. J. S., Exemptions, p. 115, sec. 83. "There seems to be no doubt that a claim for alimony may be enforced by the court against any exemption which the statute grants the husband, if the court provides for such enforcement in its decree. . . . The tendency seems to be to deny the applicability of the exemption statutes to such claims, unless the language of such a statute is so explicit as to make it certain that the legislature intended to give the husband the benefit of his exemptions against the wife's claim for alimony." 17 Am. Jur., Divorce and Separation, p. 490, sec. 641. See also Anno. 106 A. L. R. 671.

Where the constitution and statutes provided that wages were exempt from claims arising out of a debt contracted, it was held in *Littleton v. Littleton* (1932), 224 Ala. 103, 139 So. 335, that a decree for alimony was not within such exemption, and the husband's wages could be garnished in satisfaction of the alimony decree. In *Caldwell v. Central of Ga. Ry. Co.* (1924) 158 Ga. 392, 123 S. E. 708, it was held that the statutory exemption should not be allowed in a proceeding based upon a judgment for temporary alimony, the judgment being for a fixed sum and not against any specific property. In *Stirgus v. Stirgus* (1935), 172 Miss. 337, 160 So. 285, and in *Hollis v. Bryan* (1932), 166 Miss. 874, 143 So. 687, it has been held that statutes exempting soldiers' compensation from the claims of creditors did not apply to claims for alimony.

Two New York cases which have come to our attention merit special consideration because they involve situations very similar to the one here. Both involve moneys from pension funds claimed to be exempt. In the first case, *Zwingmann v. Zwingmann* (1912), 150 App. Div. 358, 359, 360, 134 N. Y. Supp. 1077, a judgment of separation was granted and an order entered sequestering, for the payment of alimony, money due the husband from the police pension fund. The statute providing for the exemption of that fund read as fol-

lows: "Moneys, securities and effects of the police pension fund, and all pensions granted and payable from said fund shall be and are exempt from execution and from all process and proceedings to enjoin and recover the same by or on behalf of any creditor or person having or asserting any claims against, or debt or liability of, any pensioner of said fund." In spite of the very broad wording of that statute, similar in scope to the wording of the exemption provisions in question here, the court there said: "We do not believe the legislature, in creating the police pension fund and exempting it from execution and other processes, ever intended that this exemption should be construed to deprive the wife of her legal and moral right to the support of her husband. The whole purpose of the statute is served when the fund is preserved for the use of the pensioner and those legally dependent upon him for support and maintenance. . . ."

This same conclusion was reached in a later New York case, *Hodson v. New York City Employees' Retirement System* (1935), 243 App. Div. 480, 481, 278 N. Y. Supp. 16. There the statute under which exemption was claimed read: "The moneys in the various funds created under this chapter, are hereby exempt from any state or municipal tax, and shall not be subject to execution, garnishment, attachment, or any other process whatsoever, and shall be unassignable except as in this chapter specifically provided." The court, however, held that the statutory exemption was inapplicable where funds from the City Employees' Retirement System were sought to be applied for the support of an abandoned wife and child.

Another influential case in point is *Schlaefer v. Schlaefer* (1940), 112 Fed. (2d) 177, 184, 71 App. D. C. 350, 130 A. L. R. 1014. There the exemption claimed was for disability benefits under an insurance policy. The exemption statute read: "No money or other benefit paid, provided, allowed, or agreed to be paid by any company on account of the disability

from injury or sickness of any insured person shall be liable to execution, attachment, garnishment, or other process, or to be seized, taken, appropriated or applied by any legal or equitable process or operation of law, to pay any debt or liability of such insured person whether such debt or liability was incurred before or after the commencement of such disability." As in the New York cases, the exemption statute involved in this *Schlaefer Case* is as broadly comprehensive as the ones involved in the case at bar. The court in the *Schlaefer Case* held, however, that the disability benefits were not exempt from sequestration to satisfy a claim for unpaid alimony. Here in Wisconsin this court made a similar holding in *Saunders v. Saunders* (1943), 243 Wis. 94, 95, 9 N. W. (2d) 629, where the exemption clause in a pension law was considered inapplicable to an alimony award. See also Anno. 130 A. L. R. 1028; *Pugh v. St. Louis Police Relief Asso.* (1944) 237 Mo. App. 922, 179 S. W. (2d) 927.

Underlying these decisions is the reasoning that the funds involved, pension funds and disability insurance, are created for the protection, not only of the employee or insured, but for the protection of his family. Similarly, the purpose of exemptions is to relieve the person exempted from the pressure of claims that are hostile to his and his dependents' essential needs. Keeping those purposes in mind, it becomes clear that the Policemen's Annuity & Benefit Fund of Milwaukee is within the reach of a process of the court when it is an alimony judgment that is sought to be enforced. From this fund the court is able to provide collection of the alimony due the dependent wife.

The next question is whether the respondent can reach that fund in the garnishment action where she assumes to act as a creditor possessing a final judgment. If she cannot stand before the world as a creditor and if the judgment in the divorce action is not a final and an assignable judgment, respondent cannot maintain her garnishment action. Sec.

267.22 (1) (a), Stats. 1945, provides that "a judgment creditor (but no one else) may maintain a garnishment action against the state or any political subdivision thereof. . . ." In 38 C. J. S., Garnishment, p. 217, sec. 12, it is said: "In order to authorize garnishment thereon a judgment must be final, valid, unsatisfied, and definite as to the amount of recovery."

In Wisconsin a judgment for alimony does not fulfil these prerequisites for the institution of a garnishment action. The wife who has a judgment for alimony is not a creditor in the usual sense of the word. A judgment for alimony may be revised and altered from time to time pursuant to sec. 247.32, Stats. 1945. In *Ashby v. Ashby* (1921), 174 Wis. 549, 554, 183 N. W. 965, the court said, "inasmuch as the judgment for alimony is a continuing judgment, always subject to modification by the court during the life of the parties, the statute of limitations cannot and does not apply." Referring to this case, the court said in *Halmu v. Halmu* (1945), 247 Wis. 124, 135, 19 N. W. (2d) 317: "The gist of the matter set forth in *Ashby v. Ashby, supra,* is that contrary to the rule in numerous states the divorce court in Wisconsin has the power to modify alimony and support payments retrospectively." See also *Campbell v. Campbell,* 37 Wis. 206; *Bacon v. Bacon,* 43 Wis. 197; *Kempster v. Evans,* 81 Wis. 247, 51 N. W. 327; *Lally v. Lally,* 152 Wis. 56, 138 N. W. 651. Even though the judgment in the present case is one for an accumulated sum of past-due alimony and not one for current instalments, by the reasoning of these Wisconsin cases it is subject to future revision and is not a final judgment. We therefore hold that the respondent cannot bring a garnishment action to reach the money to which her husband is entitled from the Policemen's Annuity & Benefit Fund.

Further support for this holding is found in the following references: "If the decree [for alimony] is subject to modification, the authorities generally hold that an action at law

cannot be maintained thereon." 17 Am. Jur., Divorce and Separation, p. 502, sec. 659; 27 C. J. S., Divorce, p. 1036, sec. 258. In *Audubon v. Shufeldt* (1901), 181 U. S. 575, 578, 21 Sup. Ct. 735, 45 L. Ed. 1009, it is said:

"In other respects, alimony cannot ordinarily be enforced by action at law, but only by application to the court which granted it, and subject to the discretion of that court. Permanent alimony is regarded rather as a portion of the husband's estate to which the wife is equitably entitled, than as strictly a debt; alimony from time to time may be regarded as a portion of his current income or earnings; and the considerations which affect either can be better weighed by the court having jurisdiction over the relation of husband and wife, than by a court of a different jurisdiction."

For the reasons we have here set forth, the remedy by which the pension fund may be made available to the wife is not a garnishment action, which is an action at law. Rather, the remedy lies in the very broad power given by the statutes to the divorce courts to enforce their decrees. In all cases where alimony shall be adjudged, the divorce court may provide that the alimony shall be paid in such sums and at such times as shall be deemed expedient, and upon failure of payment of such alimony, "the court may enforce the payment thereof by execution or otherwise as in other cases." Sec. 247.30, Stats. 1945.

The distinction we make here between proceeding at law in garnishment and proceeding in equity in the divorce court is based on fundamental differences between the two types of action. Garnishment does not accommodate itself to securing payments each month indefinitely. If a garnishment judgment were permitted to reach the fund indefinitely, it would be *res adjudicata* and not subject to later revision. There is no flexibility to garnishment so that a portion of the amount due could be given the husband and a part to the wife in accordance with the equities. The whole philosophy of gar-

nishment is to take care of an ordinary judgment creditor with such sums as are presently due, over and above the debtor's exemptions. The whole philosophy of the proceeding we suggest is to give a flexible remedy recognizing that the wife is not a true judgment creditor; that the pension fund is provided for her support, as well as his; and leaving to the discretion of a court of equity how much of the fund shall be paid to her and for how long. By proceeding in the divorce court that granted the alimony, the power of the court to commit in contempt proceedings for refusal to pay alimony is preserved, where it might otherwise be inoperative if garnishment were an available remedy. In proceedings in the divorce court the remedy is subject to revision as circumstances change. The policy of making the pension available to the family is carried out, and at the same time the use of an inflexible remedy intended to be applicable to judgment creditors only is avoided. The very logic which underlies the Wisconsin rule of making judgments for alimony retrospectively revisable demands that we reach the pension fund by a flexible, equitable remedy that can also be revised from time to time and takes into account the just needs of the parties as they presently exist and as they may later develop.

In *Saunders v. Saunders, supra,* we held that an order by the trial court directing the city clerk to pay to the wife pension money owing to the husband was outside the jurisdiction of the court, no fact giving the court such jurisdiction having been shown. In the companion case of *Saunders v. Johnson,* 243 Wis. 96, 9 N. W. (2d) 630, we suggested that a proper procedure for reaching the pension fund was in *quasi*-garnishment, provided for in sec. 304.21, Stats. 1943. An earlier statute, sec. 3716 (a), Stats. 1915, substantially like sec. 304.21, Stats. 1943, was interpreted by Mr. Chief Justice WINSLOW in *Jefferson Transfer Co. v. Hull,* 166 Wis. 438, 441, 166 N. W. 1, as follows: "The right given by this statute is that of a lien on the fund, not ownership thereof. It is

closely analogous to the right of a judgment creditor to goods of the debtor seized upon execution; in fact the proceeding may rightly be called an equitable execution." However, sec. 304.21, Stats. 1943, was repealed by ch. 543, Laws of 1945. Some of its provisions are now incorporated in sec. 267.22 and sec. 304.21, Stats. 1945, both of which are garnishment statutes inapplicable here for the reasons stated above.

The court in a divorce proceeding is authorized to make and award such judgments, decrees, and orders as justice may require and issue execution and other writs and processes as may be necessary to carry into effect the powers given by statute. The statute provides that orders or judgments providing for alimony shall direct the payment thereof to the clerk of the court for the use of the person to whom the same has been awarded. If the alimony shall not be paid to the clerk at the time provided in said judgment or order, "the clerk and the divorce counsel of said county shall take such proceedings as shall be directed by the court or presiding judge to secure the payment of such sum." Sec. 247.29, Stats. 1945. Ample provision is thus made for sequestering such funds as have been called to the attention of the court in this case. Any of the means of enforcement customarily employed by courts of equity which would be appropriate to the facts of this case is available to the divorce court to enforce its amended judgment of January 11, 1943.

It is necessary to hold that the garnishment action by the wife was not the proper remedy and must be dismissed. However, the court having jurisdiction over the garnishment action in this case happens to be the same court in which the divorce was granted. Sec. 269.52, Stats. 1945. We therefore remand the case so that that court may employ such means of enforcing its alimony judgment as it deems just, not inconsistent with this opinion.

*By the Court.*—Judgment reversed. Cause remanded for further proceedings not inconsistent with this opinion.