213 So.2d 259 (1968)
CITY OF JACKSONVILLE, Appellant,
v.
Janie Bell JONES, Appellee.
No. K-105.
District Court of Appeal of Florida. First District.
August 8, 1968.
William M. Madison, Claude L. Mullis, Frederick J. Simpson, Jacksonville, and Chester G. Senf, Jacksonville, for appellant.
Schneider & Dunay, Jacksonville, for appellee.
RAWLS, Acting Chief Judge.
By this interocutory appeal, the City of Jacksonville contends that the trial judge erred in denying its motion to dissolve a writ of garnishment.
The sole point on appeal is: Does Section 61.12, Florida Statutes F.S.A., change the law of Florida which holds that garnishment does not lie against a municipality?
Section 61.12, Florida Statutes, reads:
"So much as the court orders of the money or other things due to any person or public officer, state or county, whether the head of a family residing in this state or not when the money or other thing is due for the personal labor or service of the person or otherwise, is subject to attachment or garnishment to enforce the orders of the courts of this state for alimony, suit money or support, or other orders in actions for divorce or alimony; * * *."
The public policy of this state requires that judicial orders providing for payment of child support be enforceable. Otherwise, the children for whose benefit the *260 orders are rendered might well become public charges. By the subject enactment, the legislature authorized garnishment against funds owed by the sovereign, i.e., the State of Florida; and having taken this action, it is our construction that the statute intended to remove any immunity from garnishment inuring to the sovereign's child, i.e., the municipality.
The interlocutory appeal is dismissed.
JOHNSON and SPECTOR, JJ., concur.