320 So.2d 397 (1975)
CITY OF MIAMI et al., Appellants,
v.
Dorothy SPURRIER, Appellee.
No. 74-1783.
District Court of Appeal of Florida, Third District.
October 7, 1975.
Rehearing Denied November 3, 1975.
John S. Lloyd, City Atty., and Ronald A. Silver, Asst. City Atty., Elliot L. Miller, Miami, for appellants.
Charles J. Crowder, South Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This is an appeal by the City of Miami and Miami City Employees' Retirement System, garnishees in the circuit court, from a final judgment of garnishment in favor of Dorothy Spurrier, appellee and garnishor in the circuit court.
Appellee commenced an action for dissolution of marriage against her husband, Forrest Noel Spurrier, in November, 1970. In February, 1971, the circuit court entered its final judgment of divorce which contained provisions requiring the husband to pay certain sums of monies for alimony, child support, and medical expenses. Subsequently, appellee sought to enforce these provisions through garnishment proceedings.
During pendency of this action, appellee's husband was employed by the City of Miami, a Florida municipal corporation, as a fireman. As an employee of the City of Miami Fire Department, he was a member of the Miami City Employees' Retirement System.
Under this System, appellee's husband and the City of Miami made contributions of money in his favor to the System for retirement benefits. On August 16, 1974, the husband became entitled to the benefits for service retirement provided under said System and began receiving a payment in the amount of $516.30 per month.
Thereafter, appellee, due to the alleged failure of the husband to comply with the *398 order of the circuit court awarding alimony, child support, and medical payments to her, sought to garnish the monthly payments. The City of Miami and the Miami City Employees' Retirement System, as garnishees, moved to dissolve the writ of garnishment filed by appellee and said motions were denied by the circuit court which entered its final judgment of garnishment dated November 27, 1974. From said judgment appellants bring this appeal.
Appellants contend that the trial court erred in entering the final judgment of garnishment against a municipal corporation, the City of Miami, and its agency, the Miami City Employees' Retirement System, where alimony, child support and medical payments were the subject of the garnishment proceedings. As grounds for this contention, appellants assert that as a municipal corporation and its agency they are exempt from garnishment. As authority for this proposition appellants cite the cases of Tyler v. Akerman, 1923, 85 Fla. 485, 96 So. 838, and Ake v. Chancey, 1943, 152 Fla. 677, 13 So.2d 6. Additionally, appellants cite § 2-97, City of Miami Ordinance, Code 1945, ch. 2, § 72, which provides, among other things, that pension rights are not subject to garnishment.
Appellee contends that, where as here the purpose of the garnishment proceedings is to secure the payment of alimony, child support, and medical payments, her ex-husband's pension funds are properly the subject of garnishment. As authority for her contention, appellee cites § 61.12 Fla. Stat., F.S.A.; City of Jacksonville v. Jones, Fla.App. 1968, 213 So.2d 259; and several cases from other jurisdictions.
After careful research, we are unable to find any Florida case addressing itself directly to the question raised on this appeal, i.e., are pension benefits provided through the Miami City Municipal Employees' Retirement System subject to garnishment for alimony, child support and medical payments by a pensioner's divorced wife?
The basic theory underlying appellee's contention is that § 2-97, Ordinance of the City of Miami, Code 1945, ch. 2, § 72, was not intended to be used for the sole use and benefit of the pensioner to the exclusion and detriment of his family, but was to encompass the pensioner and his dependents for their mutual use and benefit, to protect them from ordinary judgment creditors. Among the authorities cited by appellee in support of her position is 54 A.L.R.2d 1436, § 7 Pensions and Veterans Benefits which states that, "In a majority of the cases in which the question has been considered, it has been held that statutory exemptions relating to civil pensions are inapplicable when in conflict with the enforcement of a decree for alimony or support."
The Florida Legislature, being aware that it is the duty of a spouse to support his or her family, enacted § 61.12, Fla. Stat., F.S.A., providing for the attachment or garnishment of amounts due for alimony or child support. The First District Court of Appeal of Florida, in the case of City of Jacksonville v. Jones, Fla.App., 213 So.2d 259, interpreting § 61.12, Fla. Stat., F.S.A., in a garnishment case involving child support and alimony stated as follows:
"The public policy of this state requires that judicial orders providing for payment of child support be enforceable. Otherwise, the children for whose benefit the orders are rendered might well become public charges. By the subject enactment, the Legislature authorized garnishment against funds owed by the sovereign, i.e., the State of Florida; and having taken this action, it is our construction that the statute intended to remove any immunity from garnishment inuring to the sovereign's child, i.e., the municipality."
The ruling of the court is clear that the wages of an employee of a municipality may be garnisheed in order to enforce an order of the court for support and maintenance of the employee's family. For purposes of the instant appeal, we agree with the First District Court of Appeal's reasoning *399 in the City of Jacksonville case, supra, i.e., that in cases where alimony and child support are involved, municipalities and their agencies may be subject to garnishment proceedings. In the instant appeal, however, § 2-97, City of Miami Ordinance, Code 1945, ch. 2, § 72, intervenes. As stated above, this section exempts the pension funds from garnishment.
After a careful reading of the cases and authorities cited and argued by appellants and appellee, based on the facts of this appeal, we adopt the reasoning of those cases from other jurisdictions which hold that, even in light of an exemption statute or ordinance, such as here, pension benefits payable to a divorced spouse may be reached by garnishment to satisfy an award of alimony, child support, and maintenance. For example, Ex parte Smallbone, 16 Cal.2d 532, 106 P.2d 873 (1940); Schlaefer v. Schlaefer, 71 App.D.C. 350, 112 F.2d 177 (1940); McDonald v. McDonald, 351 Mich. 568, 88 N.W.2d 398 (S.C. Michigan 1958); Thiel v. Thiel and Koppers Company, Inc., 41 N.J. 446, 197 A.2d 354, 1963; Fischer v. Fischer, 13 N.J. 162, 98 A.2d 568, 1953; Fox v. Fox, 9 Misc.2d 1092, 168 N.Y.S.2d 815 (S.C.New York, 1957); Hodson, Com'r of Public Welfare v. New York City Employees' Retirement System, 243 App.Div. 480, 278 N.Y. 16 (S.C.App.Div., 1936); Courtney v Courtney, 251 Wis. 443, 29 N.W.2d 759 (1947); Saunders v. Saunders, 243 Wis. 94, 9 N.W.2d 629 (1943); and 24 Am.Jur.2d, § 723 Divorce and Separation.
Our research reveals that Chapter 175 of the Florida Statutes dealing with municipal firemen's pension funds and § 2-97 City of Miami Ordinance are patterned after other state statutes and ordinances relating to exemptions from any legal process, such as garnishment, to reach the funds of pensioners who are entitled to benefits from pension funds. As stated above, the courts in several states and the District of Columbia have repeatedly held, even in the face of such exemption statutes, that pension funds can be reached through legal process where legal action is taken to secure the payment of alimony, child support and maintenance of the dependents of the pensioner. In these cases, many of the courts seem to find that a true debtor-creditor relationship does not exist whereby the exemption would relieve the person exempt from the pressure of claims hostile not only to his own essential needs but also to those of his dependents. We agree, and feel that the purpose of the exemption statute or ordinance is served when the fund is preserved for the use of the pensioner and those legally dependent upon him or her for support and maintenance.
We have considered the record, all points in the briefs and arguments of counsel in light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and the authorities cited and discussed, the judgment appealed is affirmed.
Affirmed.