429 So.2d 391 (1983)
G & J INVESTMENTS CORPORATION, Appellant,
v.
FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 82-1565.
District Court of Appeal of Florida, Third District.
March 22, 1983.
Rehearing Denied April 25, 1983.
R. Stuart Huff and Gregg J. Ormond, Coral Gables, for appellant.
Robert P. Daniti, Tallahassee, for appellee.
Before NESBITT, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
The appellant, G & J Investments Corporation, a landlord, recovered a judgment for overdue rent owed by its tenant, a nursing home operator. The judgment having gone unsatisfied, G & J sought a writ of garnishment against the Florida Department of Health and Rehabilitative Services (HRS), claiming that HRS was holding Medicaid funds due to G & J's judgment debtor. The trial court quashed the writ on the ground that HRS, a state agency, was immune from garnishment proceedings. G & J appeals. We affirm.
Absent a clear and unequivocal legislative enactment making the state, its agencies and subdivisions liable in garnishment proceedings, they are immune from such proceedings. See Wesley Construction Company v. Biscayne Construction, Inc., 341 So.2d 786 (Fla. 3d DCA 1977) (order directing county to distrain funds owing to a party for the benefit of such party's creditor is equivalent to garnishment proceeding against a state's subdivision and impermissible); State (Dept. of Transp.) (Parks and Recreation Division of General Services Bureau) v. Gordon Bros. Concrete, Inc., 339 So.2d 1156 (Fla. 2d DCA 1976) (doctrine of sovereign immunity protects state from garnishment proceedings; statute providing right of garnishment contains no waiver by state); Board of County Com'rs. v. Gulf Pipeline Co., 168 So.2d 757 (Fla. 1st DCA 1964) (county immune from action asserting equitable lien against money owing by it to another, "in essence an indirect or equitable garnishment," in absence of statutory authority). We are bound to employ a rule of strict construction against waiver of immunity, Berek v. Metropolitan Dade County, 422 So.2d 838 (Fla. 1982); Arnold v. Schumpert, 217 So.2d 116 (Fla. 1968); Spangler v. Florida State Turnpike Authority, 106 So.2d 421 *392 (Fla. 1958), and cannot, as appellant suggests we do, imply from legislation authorizing HRS to be sued in actions ex contractu, see § 402.34, Fla. Stat. (1981), an authorization that it may be sued in garnishment proceedings. Moreover, were we free to make such an implication, we would not do so. We perceive a distinction between the state being sued as a party defendant and being sued as a garnishee.[1] The number of garnishment suits which the state might be called upon to defend, being limited only by the number of creditors of the person to whom the state is said to owe money, would vastly exceed the number of contract actions. While this would not result in any greater encroachment on the public treasury, that is but one of the public policy considerations upon which the doctrine of sovereign immunity rests. The second policy consideration underlying the doctrine is to protect against the disruption of the orderly administration of government. Spangler, 106 So.2d at 424. Surely, the Legislature could legitimately conclude that the proliferation of litigation which would be caused by permitting garnishment proceedings against the state is ample justification for consenting to suits in contract, but not in garnishment.[2]
Finally, appellant's policy argument that allowing HRS to interpose a sovereign immunity defense to the garnishment of Medicaid funds due and owing to nursing homes will have a chilling effect upon the willingness of landlords, suppliers and others to extend credit to such Medicaid providers and a corresponding adverse effect upon the Medicaid program, is one which must be directed to the Legislature.
Affirmed.
NOTES
[1] In Gordon Bros. Concrete, Inc., 339 So.2d at 1157, the court, rejecting the contentions that garnishment differs from a direct suit against the state and that, therefore, a prohibition against the latter suggests no prohibition against the former, said that there was no reasonable distinction between the two types of action. In the present case, the contentions we reject are that garnishment is the same as a direct suit against the state and that, therefore, permitting the latter suggests permitting the former. Gordon Bros. was merely saying that where the state has not waived its right not to be sued, the form the suit takes makes no difference. We are saying here that where the state has waived its right not to be sued in a particular type of action, the form the suit takes makes all the difference.
[2] The legislative decision to permit garnishment proceedings against the state to enforce court-ordered alimony suit money or child support, see § 61.12, Fla. Stat. (1981), while exposing the state to a greater number of lawsuits, does not expose it to lawsuits by an unknown number of creditors seeking to recover moneys due them from judgment debtors. More importantly, Section 61.12 is a perfect example of a clear and unequivocal waiver of sovereign immunity for garnishment proceedings in a discrete setting, and further evidence that no such waiver has been made for garnishment proceedings generally.