LEHAN, Judge.
Appellant, the City of Tampa, contends that the trial court erred in denying its motion for dissolution of writ of garnishment. The writ was for attorney’s fees owed to appellee garnisher, Stacey Hines, by a city employee. The city argues that such a writ may not be enforced against a municipality under section 61.12, Florida Statutes (1989). We do not agree. We affirm.
Appellee, the wife in a dissolution of marriage action, sought to garnish the wages of her former husband, who is employed by the city as a police officer. Her basis was $3,617.55 owed to her under a final judgment, which followed the final judgment of dissolution, for an assessment of attorney’s fees against the husband.
Section 61.12(1) provides for garnishment to enforce and satisfy the orders and judgments of the court[s] of this state for alimony, suit money, or child support, or other orders in proceedings for dissolution, alimony, or child support; when the money ... sought to be ... garnished is the salary of a public officer, state or county, the writ ... shall be served on the public officer whose duty it is to pay the salary....
Appellant offers four arguments for its position that the statute does not permit the garnishment sought in this case: (1) municipalities, as contrasted with the state or counties, are not mentioned in the statute; (2) the statute does not mention attorney’s fees; (3) as a matter of public policy, attorney’s fees are not as important as child support for which appellant concedes such a writ is proper as such fees represent a mere debt, rather than a duty; and (4) being subject to such garnishment would constitute an unreasonable burden on the city. We disagree with each of the four arguments.
As for argument (1), the statute has been construed to be applicable to municipalities. City of Miami v. Spurrier, 320 So.2d 397 (Fla. 3d DCA 1975), cert. denied, 334 So.2d 604 (Fla.1976); City of Jacksonville v. Jones, 213 So.2d 259 (Fla. 1st DCA 1968). While neither of those cases involved garnishment to collect attorney’s fees assessed in a dissolution action, the fact remains that under the case law the statute includes municipalities within its ambit.
Tyler v. Ackerman, 85 Fla. 485, 96 So. 838 (1923), cited by the city, was decided under a prior statute worded in a materially different way. The statute at that time did not contain wording referring to garnishment against any governmental body, including the state. And it was the present statute’s inclusion of the word “state” on which Jones, which was relied upon by Spurrier, relied to include municipalities within the legislative meaning. The rationale was that the statute authorized garnishment against “the sovereign” and that a municipality is “the sovereign’s child.” Spurrier, 320 So.2d at 398; Jones, 213 So.2d at 260.
Yet in a footnote G & J Investments Corp. v. Florida Dept. of Health & Rehabilitative Services, 429 So.2d 391, 392 n. 2 (Fla. 3d DCA 1983), considered the present statute to be not inclusive of garnishment against a state agency for rent due to the *162 garnisher from an employee of the agency. The rationale of G & J was that the statute provides for garnishment “in a discrete setting,” which apparently was considered to include only garnishment for debts owed under the court orders and judgments specifically described in the statute and to exclude “garnishment proceedings generally.” Id.
Nonetheless, first, G & J, in contrast to Jones and Spurrier, did not involve garnishment of a municipality; second, the statute has been reenacted since Spurrier and Jones were decided which may be taken as “at least some indication that the legislature approved of the ... unchanged part of the statute” which had been dealt with in those cases, see Henry v. State, 581 So.2d 928 (Fla. 3d DCA 1991); and, third, in contrast to the narrow construction endorsed by the Third District in G & J, the First District in Hall v. Air Force Finance Center, 344 So.2d 1340, 1344 (Fla. 1st DCA 1977), disapproved sub nom. in part on other grounds, Sokolsky v. Kuhn, 405 So.2d 975 (Fla.1981) explained,
[T]he statute ... is one which is remedial and is entitled to a liberal construction so as to advance the remedy provided and give effect to the intention of the legislature ....
As for argument (2), the trial court properly construed the phrase “suit money” in the statute to include attorney’s fees. See Harrison v. Harrison, 178 So.2d 889, 890 (Fla. 2d DCA 1965) (“Attorneys’ fees have been held to be suit money, and collection thereof may be enforced in the same manner as alimony and support of children upon proper judgment therefor being entered.”). Black’s Law Dictionary 1286 (5th ed. 1979) also includes attorney’s fees within the definition of “suit money.” Further, section 61.12(1), as quoted above, refers to garnishment to enforce “other orders in proceedings for.dissolution.” And finally, we adopt the First District’s above quoted construction of the statute in Hall as being “remedial and .... entitled to a liberal construction.”
As for argument (3), whether appellant is or is not correct in ranking attorney’s fees below alimony and child support in importance as a matter of public policy, such a ranking would not mean that attorney’s fees do not justify garnishment. Without counsel, a spouse might well not be on an equal footing with the opposing spouse and be able to provide a court with the necessary evidence to support an award of all the alimony and child support he or she needs.
As for argument (4), we do not consider it meritorious. For the reasons explained above in response to appellant’s arguments (1) and (2), this argument would more appropriately be addressed to the legislature. In any event, a city is already unquestionably subject to garnishment for alimony and child support. Spurrier; Jones. Appellant is a mere stakeholder, as the money is salary that would otherwise be paid to its employee. Any relatively small administrative inconvenience to appellant would seem to pale in comparison to the considerations referred to above in our response to appellant’s argument (3).
Affirmed.
SCHOONOVER, C.J., and RYDER, J., concur.