In re the Marriage of:

## Larry M. Waln, Petitioner-Respondent,

v.

## Barbara J. Waln, Respondent-Appellant.

Court of Appeals

*No. 04–1271–FT. Submitted on briefs December 10, 2004.—Decided February 23, 2005.*

## 2005 WI App 54

(Also reported in 694 N.W.2d 452.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Steven L. Miller* of *Miller & Miller*, River Falls.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Vance M. Waggoner*, Oconto Falls.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Barbara Waln appeals from a divorce judgment.[1] She argues the circuit court erred by concluding the spendthrift provision of WIS. STAT. § 62.63(4) barred it from considering Larry Waln's pension from the City of Milwaukee as part of the marital estate. We agree, reverse the judgment and remand with directions to consider the pension.

## BACKGROUND

¶ 2. Barbara and Larry Waln were married in 1977. At the time of their divorce, they had been married for twenty-six years. Larry worked for the City of Milwaukee Police Department from 1976 until 1995, when he filed for duty disability. In 1996, he began duty disability, which provides him a monthly payment and continues accrual of service time on his pension. In 2007, when Larry turns sixty-three, his duty disability will end and his pension payments will begin.

¶ 3. When Larry turns sixty-three, he may designate a pension beneficiary and select a payout option from the following: (1) single life annuity, providing no payments after his death; (2) fifty percent joint survivor annuity, providing his beneficiary with half the pension after his death; or (3) percentage payable after death, providing his beneficiary with any elected percentage of the pension after his death. His choice of payout option affects the amount of the monthly pension payment he receives.

¶ 4. On September 9, 2003, the date of the final divorce hearing, the value of Larry's pension was $363,260.70. The value of the rest of the divisible

---

[1] This is an expedited appeal under WIS. STAT. RULE 809.17. All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

marital estate was approximately $132,000.[2] At the hearing, Barbara sought half of Larry's monthly pension payment, when and if it is paid; an order directing Larry to elect the fifty percent joint survivor annuity pension payout option and name Barbara beneficiary; and an order directing Larry to assist her in obtaining life insurance on his life, at her expense, for the time period between the divorce and the commencement of pension payments.[3]

¶ 5. The circuit court found, due to the spendthrift provision of WIS. STAT. § 62.63(4), Larry's pension was "not subject to property division." The court declined to order a specific beneficiary or payout election because it concluded it was barred from doing so by the statute or, alternatively, would decline to do so due to the uncertainty of the future "health and financial situation" of the parties. The court ordered Larry to assist Barbara in obtaining life insurance on his life at her expense.

¶ 6. Barbara moved for reconsideration. She argued that even if the pension was not subject to division through a domestic relations order by virtue of WIS. STAT. § 62.63(4), the pension was a marital asset that must be considered when dividing the property. The motion was denied.

## STANDARD OF REVIEW

¶ 7. The division of property in a divorce action is within the circuit court's discretion. *Weiss v. Weiss*, 122

---

[2] This amount includes the proceeds from the sale of the parties' house, $101,784; a $20,000 bank account; Barbara's pension valued at $1,700; and the cash value of life insurance, $8,348.

[3] Barbara also sought maintenance, but does not appeal the circuit court's ruling on that issue.

Wis. 2d 688, 692, 365 N.W.2d 608 (Ct. App. 1985). However, determining whether property is subject to division involves the application of a statute to uncontested facts, a question of law that we review independently. *Id.* We are also asked to harmonize the spendthrift provision of WIS. STAT. § 62.63 with the statute controlling the division of property at divorce, WIS. STAT. § 767.255. Statutory construction is a question of law that we review without deference to the circuit court. *Lindsey v. Lindsey*, 140 Wis. 2d 684, 692, 412 N.W.2d 132 (Ct. App. 1987).

## DISCUSSION

¶ 8. The division of property at divorce is governed by WIS. STAT. § 767.255.[4] Generally, all property, other than property acquired by a spouse through gift or inheritance, is presumed to be divided equally between the spouses. WIS. STAT. § 767.255. The presumption of equal property division may be altered after considering the factors enumerated in WIS. STAT. § 767.255(3).

¶ 9. Wisconsin courts usually consider a pension as property, rather than income, and "either divide it or divide other marital assets to effect a *de facto* pension division." *Steinke v. Steinke*, 126 Wis. 2d 372, 379–80, 376 N.W.2d 839 (1985) (citing *Schafer v. Schafer*, 3 Wis.

---

[4] WISCONSIN STAT. § 767.255 provides, in relevant part:

**(1)** Upon every judgment of annulment, divorce or legal separation, . . . the court shall divide the property of the parties and divest and transfer the title of any such property accordingly. . . .

. . . .

**(3)** The court shall presume that all property not described in sub. (2)(a) [property acquired by gift or inheritance] is to be divided equally between the parties . . . .

2d 166, 171, 87 N.W.2d 803 (1958) (postal service pension was "incapable of division by the court" but should have been considered when dividing the marital estate)). As the *Steinke* court explained:

> A spouse's interest in a pension plan is in the nature of property of the marital estate to be divided. The marital estate represents the total of the wealth of property brought into the marriage by either party, as well as wealth accumulated during the marriage, pursuant to the parameters of sec. 767.255, Stats. The division of the estate, presumed to be equal, effectuates the policy that each spouse makes a valuable contribution to the marriage and that each spouse should be compensated for his or her respective contributions. An interest in a pension plan is part of the wealth brought to, or accumulated during, the marriage. As with other property constituting the marital estate, the value of the pension interest must be included in the property division.

*Id.* at 380–81 (footnote omitted).

¶ 10. Larry argues, however, that because his pension is governed by a statutory spendthrift provision, his pension cannot be considered by the court when dividing the parties' property at divorce. The spendthrift provision, contained in WIS. STAT. § 62.63(4), provides:

> Except as provided in s. 49.852 and subject to s. 767.265, all moneys and assets of a retirement system of a 1st class city and all benefits and allowances, both before and after payment to any beneficiary, granted under the retirement system are exempt from any state, county or municipal tax or from attachment or garnishment process. The benefits and allowances may not be seized, taken, detained or levied upon by virtue of any executions, or any process or proceeding issued out of or by any court of this state, for the payment and ratification in whole or in part of any

debt, claim, damage, demand or judgment against any member of or beneficiary under the retirement system. No member of or beneficiary under the retirement system may assign any benefit or allowance either by way of mortgage or otherwise. The prohibition against assigning a benefit or allowance does not apply to assignments made for the payment of insurance premiums. The exemption from taxation under this section does not apply with respect to any tax on income.

Larry claims that this language bars the circuit court from dividing his pension, either directly or indirectly.

¶ 11. There is little case law interpreting how the statutory spendthrift provision governing government pensions affects the court's power to equitably divide marital assets at divorce. In *Courtney v. Courtney*, 251 Wis. 443, 29 N.W.2d 759 (1947), the plaintiff sought to garnish her former husband's City of Milwaukee pension payments to satisfy unpaid alimony.[5] The pension was governed by a statutory spendthrift provision. *Id.* at 445. The court concluded that the wife could not use garnishment to reach the funds because alimony judgments are subject to revision and thus are not final judgments. *Id.* at 450. However, it also held the divorce court retained the authority, even in the face of the spendthrift provision, to enforce its decree and could reach the pension funds through quasi-garnishment. *Id.* at 451.

¶ 12. While *Courtney* involved alimony, not property division, its reasoning for allowing the pension funds to be reached, even in the face of a broad spendthrift provision, is instructive. The court stated that the pension funds "are created for the protection, not only of the employee or insured, but for the protec-

---

[5] At the time, the pension was called the Policemen's Annuity & Benefit Fund of Milwaukee.

tion of his family. Similarly, the purpose of exemptions is to relieve the person exempted from the pressure of claims that are hostile to his and his dependents' essential needs." *Id.* at 449. In light of those purposes, the pension was reachable for alimony payments. *Id.*

¶ 13. *Lindsey* also involved a City of Milwaukee pension, this time in the context of property division. *Lindsey*, 140 Wis. 2d at 686. The issues in *Lindsey* were whether, in light of the spendthrift provision, a pension was subject to a domestic relations order and whether the court had the discretion to order the employee spouse to make a specific payout selection. *Id.* at 686–87. We concluded the spendthrift provision barred direct division of the pension.[6] *Id.* at 694. However, we also concluded that the circuit court retained broad discretion to order the employee spouse to make a specific payout election or enter other orders to protect the non-employee spouse's interest in the pension funds. *Id.* at 696–97. We remanded to the circuit court "to consider whether it should exercise its discretionary authority to direct [the employee spouse] to select a specific retirement payout option and to consider what other orders, if any, are appropriate in the event a selection is made which runs counter to [the non-employee spouse's] interests." *Id.* at 698.

¶ 14. Larry argues that *Lindsey* cannot be read to hold that pensions must be considered in the marital

---

[6] The spendthrift provision analyzed in *Lindsey v. Lindsey*, 140 Wis. 2d 684, 412 N.W.2d 132 (Ct. App. 1987), did not include the introductory language, "[e]xcept as provided in s. 49.852 and subject to s. 767.265," that removes child, spousal and family support orders from the scope of the spendthrift provision. *See* 1997 Wis. Act 191, § 83. However, because we considered Wis. Stat. § 767.265 when deciding *Lindsey*, the amendment does not affect our conclusions there.

estate. In *Lindsey*, we declined to address the employee spouse's arguments regarding alleged error in the property division of the pension because of his failure to file a cross-appeal. *See i d.* at 698 n.10. Thus, we did not directly address the issue raised in this case, whether a spendthrift provision prevents a pension from being considered in the marital estate.

¶ 15. Nonetheless, our reasoning in *Lindsey* is relevant here. We examined a spendthrift provision and determined that the circuit court had the discretion to order a specific payout selection or enter other orders to protect the non-employee spouse's interest in the pension. Implicit in the holding is that the non-employee spouse does, in fact, have an interest in those funds. That conclusion is consistent with the policies embraced in the legislative scheme of Wis. Stat. chs. 766 and 767—shared ownership of assets during marriage and presumptive equal division of assets at divorce— and does no violence to the language of the spendthrift provision of Wis. Stat. § 62.63(4), which bars direct division of those funds.

■

¶ 16. Larry also argues that because the legislature has amended other spendthrift provisions to allow direct division but has not amended Wis. Stat. § 62.63(4) to do the same, the legislature intended to exempt his pension from any type of consideration at divorce. *See* Wis. Stat. § 40.08(1m) (permitting division of state retirement by qualified domestic relations order), and Wis. Stat. § 40.80(2r) (permitting division of state deferred compensation by domestic relations order). However, "[n]umerous variables, unrelated to conscious endorsement of a statutory interpretation, may explain or cause legislative inaction." *Wenke v. Gehl Co.*, 2004 WI 103, ¶ 33, 274 Wis. 2d 220, 682 N.W.2d 405.

Additionally, Larry's interpretation of the legislature's intent regarding the spendthrift provision contradicts the policies contained in WIS. STAT. chs. 766 and 767. *See* WIS. STAT. § 766.62 (classifying deferred employee benefits as marital property) and WIS. STAT. § 767.255 (presumption of equal division of marital estate).

¶ 17. The spendthrift provision for Larry's pension, WIS. STAT. § 62.63(4), bars a court from directly dividing the pension. However, the pension is still a marital asset accumulated during the course of the marriage. Even when a court cannot divide a pension through a domestic relations order, the court "retains broad discretion in dividing a pension plan between the parties." *Lindsey*, 140 Wis. 2d at 696. The court has the discretionary authority to order the employee spouse to make a specific payout election or enter other orders "in the event a selection is made which runs counter to [the non-employee spouse's] interests." *Id.* at 698. Therefore, the spendthrift provision, while barring a direct order dividing the pension, does not usurp the court's ability to effectuate an equitable division of the parties' assets, including the pension.

¶ 18. Because the circuit court erroneously concluded the spendthrift provision left it no discretion to consider the pension when dividing the marital estate, we reverse and remand with directions to consider the pension.

*By the Court.*—Judgment reversed and cause remanded with directions.