IN RE ADVISORY OPINION TO THE GOVERNOR, CONCERNING CHAPTER 14533, LAWS OF 1929.

Opinion filed November 5, 1929.

STATE OF FLORIDA
EXECUTIVE DEPARTMENT
TALLAHASSEE
October 1, 1929.

DOYLE E. CARLTON,
   Governor.

To the Honorable Chief Justice and Justices of the
   Supreme Court of Florida,
Tallahassee,
Florida.

Gentlemen:

Under the provisions of Section thirteen of Article IV
of the Constitution of this State, I have the honor to re-
quest your written opinion affecting my powers and duties
as Chief Executive under the following provisions of the
Constitution:

Section 24, Article IV. The Treasurer shall re-
ceive and keep all funds, bonds and other securities.
in such manner as may be prescribed by law and shall
disburse no funds or issue bonds or any other securi-
ties except upon the order of the Comptroller counter-

signed by the Governor in such manner as shall be prescribed by law.

Section 2, Article IX. The Legislature shall provide for raising revenue sufficient to defray the expenses of the State for each fiscal year, and also a sufficient sum to pay the principal and interest of the existing indebtedness of the State.

Under Chapter 14533, Laws of 1929, Mr. Eugene Hawkins, a private citizen, was granted a pension of $40.00 per month, payable monthly on his own requisition. Mr. Hawkins has made requisition upon the Comptroller for a warrant covering said pension from the date said pension become operative until the thirteenth day of September, 1929.

I desire to be advised if in view of the foregoing provisions of the Constitution I would be authorized as Governor at this time or at any time hereafter to countersign a warrant drawn on the State Treasurer covering said pension to this private citizen.

Very respectfully,

DEC :ab                                    DOYLE E. CARLTON.

THE SUPREME COURT OF FLORIDA,

Tallahassee, Florida, October 14, 1929.

The Honorable Doyle E. Carlton, Governor of Florida.

Sir:

The Act in question appears to have granted a pension to the person named in the Act in recognition of his past services to the State. We think this is fairly implied by the language used.

A pension has been defined as a periodical allowance from the government for services rendered in the past.

See this and other definitions in 48 C. J. 785, 786. Pen-

sions to soldiers and sailors and their widows have generally been upheld.

The proposition here involved is different from that discussed in State ex rel. Hawkins v. Amos, 122 So. R. 8.

Section 2 of Art. IX of the Constitution provides that: "The Legislature shall provide for raising revenue suffiicient to defray the expenses of the State for each fiscal year," etc. It is our opinion that, under this section, pensions lawfully allowed by the Legislature might well be deemed legitimate State expenses.

Art. XII, Sec. 3, of Constitution, provides that the counties shall provide for those who by "age, infirmity or misfortune" may have claims "upon the aid and sympathy of society." But this Act does not fall within that class.

Manifestly, if the Legislature has power to grant pensions for past military or naval services, which is generally and we think correctly conceded, it also has the power to grant pensions for past civilian services.

This renders the Act constitutional, as being within the legislative power. The wisdom and policy of the Act was of course a question for the Legislature, and not for the courts, to decide.

We are, therefore of the opinion that under the Constitution you would be authorized as Governor to countersign the warrant referred to in your communication of October 1st, 1929.

GLENN TERRELL,
            Chief Justice,
    J. B. WHITFIELD,
    W. H. ELLIS,
    LOUIE W. STRUM,
    ARMSTEAD BROWN,
    RIVERS BUFORD,
                    Justices,
Supreme Court of Florida.