BONNER, APPELLANT, *v.* RAILWAY EMPLOYEES' MUT. ASS'N, RESPONDENT.

No. 8659

Submitted May 4, 1946. Decided June 18, 1946.

170 Pac. (2d) 400

Mr. Rock D. Frederick, of Whitefish, for appellant.

Mr. T. W. Greer, of Whitefish, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

Plaintiff, a member of defendant association in good standing, brought this action to recover benefits claimed by him under his certificate of membership. Judgment went for defendant and plaintiff appealed from the judgment.

Defendant is a voluntary association limited to 250 members, consisting exclusively of railway employees. The purpose of the association is to pay a bonus to members who are dismissed from the service of the railway. The money is obtained by assessment of each member in the sum of $2.50 for each dismissal.

By paragraph 5 of the certificate the association agrees to pay "to dismissed members within thirty days after receiving proof of dismissal from railway company service the sum of Five Hundred Dollars ($500) if full quota of members remit." The association concededly has $500 on hand with which to make the payment of that amount sought by plaintiff. The issue between the parties is whether plaintiff was dismissed from service within the meaning of the membership certificate.

Most of the facts were agreed to and plaintiff, in addition, submitted some evidence which was undisputed. The important facts are these:

Plaintiff worked for the railway company until April 20, 1942. On that day he made his run into Spokane as brakeman and was so weak when he arrived there that he had to be helped off the train. He said he left the employment of the railway company because of an extreme heart condition. He consulted Dr. Charles M. Anderson of Spokane on April 22d. Dr. Anderson testified by deposition that he found plaintiff was suffering from Angina Pectoris, a disability of a permanent

nature, and that he advised definitely that plaintiff should not continue work.

Plaintiff was also examined by Dr. Taylor, the Great Northern Railway doctor, of Whitefish. Dr. Taylor, on April 27, 1942, wrote the following letter to J. M. Budd of Whitefish, who was then the superintendent of the railway at Whitefish: "Brakeman John L. Bonner has a weakened heart condition with very low blood pressure, that will require several months of rest before it would be safe to resume his duties, and the condition then would be doubtful, considering he is past 64 years of age. It would be better for him to retire now on disability."

On the same day plaintiff wrote a letter to L. E. Cooper, the trainmaster at Whitefish, as follows:

"I have been advised by my physician, Dr. C. M. Anderson, of Spokane, Washington, that it is necessary I retire from active service, due to disability; Dr. W. W. Taylor of Whitefish, Montana, also examined me, and recommended that I retire from service. Attached is letter I received from Dr. Taylor.

"My last pay trip was on April 20th, 1942, and this letter will advise you that effective April 21st, 1942, I have retired from service as brakeman on the Great Northern Railway Company, due to physical disability.

"My permanent address will be: American Hotel, 721 West Trent Avenue, Spokane, Washington."

Mr. Cooper replied by letter of July 1, 1942, as follows:

"This letter will advise you that you have been granted an indefinite leave of absence, as of April 21st, 1942, due to physical disability, as certified by Division Surgeon W. W. Taylor."

It is agreed that when plaintiff ceased working he was 64 years of age.

The secretary and treasurer of defendant association advised plaintiff by letter of May 23d that his claim was rejected by the executive board of defendant in which letter it was

stated: "Please be referred to Clause 5 B of your certificate." On September 23, 1942, the secretary-treasurer again wrote a letter to plaintiff, reading: "I am sorry but the board has definitely rejected your claim for the reason that your clearance from St. Paul shows your retirement was effective April 21, 1942, and the retirement awarded you an annuity under that date, where as the records show all statements from your examing physicians to be all examinations were made after that date, all were dated as of May, 42, at which time you were drawing a pension. This is contrary to article 5b of the Certificate issued to members of this association."

The court found that plaintiff was not dismissed within the meaning of the contract and that he has been receiving retirement benefits under the Railroad Retirement Act, 45 U. S. C. A. sec. 228a et seq., since April 21, 1942, and that at that time he had attained the retirement age required to permit an employee totally and permanently disabled to draw benefits under the Railroad Retirement Act. In passing we may say that the record is deficient on the point of plaintiff's exact age and also on the point of when, if at all, he started to receive retirement pay. We shall, however, assume that the Railroad Retirement Act was complied with and that in consequence since plaintiff was granted a leave of absence as of April 21, 1942, because of physical disability, he has been receiving benefits under the Act since that time. It was evidently the court's view that the receipt of disability benefits under the Act, and being above 60 years of age, precluded plaintiff from recovery here.

The first point in issue between the parties is the effect of section 5b of the contract. That section reads: "No member shall be eligible to benefits hereunder because of taking advantage of any old age pension law or plan, either public or private, now in force or hereafter adopted."

Section 5b must be read and considered with section 5a, reading: "An indefinite leave of absence granted to any member of this association on account of permanent disability

shall be construed as and deemed a dismissal of such member under these rules, providing such member has not attained the retirement age set forth in old age retirement law or plan.''

From these two sections it is clear that two classes of persons are excluded from benefits. In the first place those who have been granted an indefinite leave of absence on account of permanent disability are excluded if they have reached the retirement age set forth in the old age retirement law. The second class excluded from benefits are those who take advantage of any old age pension law or plan, public or private.

Under the Railroad Retirement Act, section 228b, Title 45 U. S. C. A., three classes of individuals are entitled to benefits, as follows: 1. Individuals who become 65 years of age or over. 2. Individuals who shall be 60 years of age or over and (a) either have completed 30 years of service or (b) have become totally and permanently disabled for regular employment for hire, but the annuity of such individuals shall be reduced one one-hundred and eightieth for each calendar month that they are under age 65 when the annuity begins to accrue. 3. Individuals, without regard to age, who become totally and permanently disabled for regular employment for hire and shall have completed 30 years of service.

If we consider 65 as the retirement age, then plaintiff is not precluded from receivng the benefits because of his age. Whether physical disability serves to accelerate the retirement age so that those above 60 and below 65 years of age who have been granted a leave of absence because of physical disability have reached the retirement age within the meaning of the contract, we need not here determine. As to those we think paragraph 5b of the contract excludes them from benefits. By accepting the annuity under the Railroad Retirement Act it must be held that plaintiff has taken advantage of an old age pen-. sion law within the meaning of that paragraph of the contract.

It is true that the disability of plaintiff is what gave him the right to benefits under the Railroad Retirement Act since he was but 64 years of age when he retired. But the extent

of the benefits which plaintiff receives is not measured in any sense by the extent of his disability. It is length of service and monthly wages that determine the amount of the annuity. Sec. 228c, Title 45 U. S. C. A.

The benefits received under the Railroad Retirement Act are a pension because a pension amounts to compensation for services previously rendered. Kieran v. Hunter College Retirement Board, 255 App. Div. 378, 7 N. Y. S. (2d) 612; Retirement Board of Allegheny County v. McGovern, 316 Pa. 161, 174 A. 400; In re Advisory Opinion to Governor, 98 Fla. 843, 124 So. 728. It is not a payment for the disability because if it were the extent of the disability would measure the amount of the benefits.

Since the benefits under the Railroad Retirement Act are a pension, it must be held that plaintiff by accepting those benefits has taken advantage of an old age pension law within the meaning of section 5b of the contract and hence cannot recover under his contract.

The court reached the correct result and the judgment is affirmed.

Mr. Chief Justice Lindquist and Associate Justices Morris, Adair, and Cheadle concur.