367 So.2d 627 (1979)
The TRIBUNE COMPANY, Appellant,
v.
SCHOOL BOARD OF HILLSBOROUGH COUNTY, etc., et al., Appellees.
No. 53493.
Supreme Court of Florida.
February 1, 1979.
W.S. Rodgers, Jr. and Ted R. Manry, III of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Cary R. Singletary of Yanger & Singletary, and W. Crosby Few, Tampa, for appellees.
ALDERMAN, Justice.
This is an appeal from a final judgment of the Circuit Court of Hillsborough County, upholding the constitutionality of chapter *628 69-1146, section 5, Laws of Florida,[1] dealing with teacher disciplinary proceedings in Hillsborough County. The crucial language of this special act provides: "[T]he county board of public instruction shall conduct a public or private hearing at the option of the teacher charged on such charge or charges ...." The issues to be decided are whether this language allows an unconstitutional delegation of legislative authority and whether it creates a valid exception to section 286.011(1), Florida Statutes (1977), originally enacted in 1967 and commonly referred to as the "Sunshine Law" or the "Public Meetings Act."[2] We hold that the act is constitutional and that it does create a valid exception to section 286.011(1).
The Tribune Company sued the School Board of Hillsborough County, seeking declaratory and injunctive relief and alleging that an agent of the Tribune had attempted to attend disciplinary hearings being conducted by the School Board but was barred under the authority of chapter 69-1146, section 5. The Hillsborough Classroom Teachers Association was allowed to intervene. All parties stipulated that there were no factual disputes and that the trial court should treat the matter as coming before it for final judgment.
The trial court ruled in favor of the School Board and the Classroom Teachers Association and dismissed the Tribune's complaint. The court held that chapter 69-1146, section 5, does not constitute an unconstitutional delegation of legislative authority and also concluded that it does create a valid exception to section 286.011(1), explaining:
Few would gainsay the tremendous good that can come from the Sunshine Act. The undersigned concurs wholeheartedly with its basic principle. But what it overlooks here is that in this case, the Legislature has established an exception thereto by supplementary act relating to a disciplinary hearing. This exception provision carries with it the presumption of constitutionality so often reexpressed as to need no citation of supporting authority. The fact that its wisdom is solely the domain of the Legislature is equally as well established.
We agree that there has been no invalid delegation of legislative authority. Under chapter 69-1146, section 5, the charged teacher neither makes law nor invokes it. Cf. Conner v. Joe Hatton, Inc., 216 So.2d 209 (Fla. 1968). A dismissal hearing under this special act is instigated completely outside the power of the charged teacher. The law is effective without any affirmative act of the teacher. The teacher has only the clearly defined and limited option of an open or closed hearing after the matter has been set down for hearing.
*629 Further, we find that chapter 69-1146, section 5, as the later legislative expression, is a valid legislative exception to section 286.011. It is not for us to pass upon the wisdom of this legislative exception. Holley v. Adams, 238 So.2d 401 (Fla. 1970); Marston v. Gainesville Sun Publishing Co., 341 So.2d 783 (Fla. 1st DCA 1976), cert. denied, 352 So.2d 171 (Fla. 1977). Rather, we are obliged to read the provisions of the general law together with the subsequent special act and harmonize them if possible, and if there is unresolvable conflict between the provisions, the later special act, as a more specific expression of the legislative will, will be given effect. Marston v. Gainesville Sun Publishing Co., supra; Beverly v. Division of Beverage of the Department of Business Regulation, 282 So.2d 657 (Fla. 1st DCA 1973).
Accordingly, we affirm the final judgment of the trial court.
It is so ordered.
ENGLAND, C.J., and OVERTON, SUNDBERG and HATCHETT, JJ., concur.
ADKINS, J., dissents with an opinion.
BOYD, J., dissents with an opinion.
ADKINS, Justice, dissenting.
I dissent.
Just as the right of privacy initiated a new field of jurisprudence and has grown to constitutional proportions, see 62 Am. Jr.2d Privacy section 2, at 678, so it is that the right of the public to know was initiated by the guaranty expressed in section 286.011, Florida Statutes (1977), and may eventually become a constitutional right.
At common law the public had no right to attend meetings of governmental bodies. See City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971). Section 286.011, Florida Statutes (1977), was enacted for the purpose of strengthening the faith of the public in government by eliminating the suspicion of "hanky-panky" which would naturally arise from secret sessions. In Board of Public Instruction of Broward County v. Doran, 224 So.2d 693, 699 (Fla. 1969), we said:
Regardless of their good intentions, these specified boards and commissions, through devious ways, should not be allowed to deprive the public of this inalienable right to be present and to be heard at all deliberations wherein decisions affecting the public are being made. [Emphasis supplied.]
Open meetings in disciplinary matters against teachers are of vital importance to the public welfare. A person inclined to bring spurious charges against a teacher would hesitate to do so if confronted with the requirement of making such charges a matter of public notoriety. Distraught parents, relying upon exaggerated reports made by teacher-disciplined children, may be hesitant in making a charge until an objective investigation is made.
On the other hand, if a charge against the teacher is warranted, the accusation and hearing should be open, as the issue is one of public concern. For example, a teacher justly accused of immorality could very easily resign and find employment in another county. Quite often the tolerant school board would prefer to accept the resignation and keep the matter "hush-hush" rather than be confronted with publicity concerning the bad character of a local teacher.
A majority of the Court has not yet clothed the "right to know" with a cloak of constitutional proportion, but we do recognize the public policy involved.
The only question we are required to determine is whether the special act constitutes an unlawful delegation of power. The majority of the Court holds that the "government in the sunshine" law is applicable to all meetings of the school board, but any teacher in Hillsborough County may require that a disciplinary hearing be held in private. Any law may incorporate therein any condition precedent upon which its decision may depend, but it cannot be made to depend on the unbridled discretion *630 of a single individual. Amara v. Town of Daytona Beach Shores, 181 So.2d 722 (Fla. 1st DCA 1966). See also Cassady v. Consolidated Naval Stores Co., 119 So.2d 35 (Fla. 1960).
Conner v. Joe Hatton, Inc., 216 So.2d 209 (Fla. 1968), cited in the majority opinion, recognized the right of the legislature to enact a law complete in itself, designed to accomplish a general public purpose, which would authorize designated officers or administrative boards within valid limitations to provide rules and regulations for complete operation and enforcement of the law within its express provisions. The majority does not cite any cases in which unbridled legislative authority is delegated to an individual instead of to a public official or administrative body.
It is interesting that the trial judge relied upon Marston v. Gainesville Sun Publishing Co., 341 So.2d 783 (Fla. 1st DCA 1976), cert. denied, 352 So.2d 171 (Fla. 1977), and stated that we had approved the decision by our refusal to review it. I emphasize that a denial of certiorari only determines that there is no conflict between the case under review and any other decision. It was not a determination on the merits of the decision.
The issue here is whether the legislature may delegate to an individual the responsibility of affirmatively making the decision as to whether disciplinary proceedings in Hillsborough County shall be public or private. In this case, the statute in question directs that the Hillsborough County School Board will conduct a public or private hearing at the option of the teacher. It does not in and of itself direct that the hearing shall be private or public. It ties the school board to whatever determination the teacher makes in this regard and does so against a backdrop of a previous determination by the legislature that the public policy of the State of Florida demands open hearings. Cassady v. Consolidated Naval Stores Co., supra.
The judgment of the trial judge should be reversed.
BOYD, Justice, dissenting.
The statute in question in this case grants "an unrestricted discretion" to individual public employees in a policy matter. Therefore, it is an unconstitutional delegation of legislative authority under the rule of Conner v. Joe Hatton, Inc., 216 So.2d 209 (Fla. 1968). The issue of whether the hearings in question will be open or closed is a policy matter because it affects not only the interests of the teacher but also the public's right to know. This is made even more clear by our state's strong public policy in favor of open meetings of all public bodies.
NOTES
[1] Chapter 69-1146 is a special act applicable only to Hillsborough County. Section 5 provides:

Before any teachers [sic] shall be discharged from his or her employment after the completion of a probationary period of employment by such teacher, charges in writing against such teacher specifying one or more of the causes specified in section 4, of this act, shall be filed by the county school superintendent of public instruction with the board of public instruction of said county and a copy thereof shall be served on such teacher with a notice of the time and place when a hearing upon such charge or charges will be held by the county board of public instruction of said county not less than ten (10) days prior to such hearing. At the time and place specified in such notice, the county board of public instruction shall conduct a public or private hearing at the option of the teacher charged on such charge or charges, at which hearing there shall be first presented the evidence in support of such charge or charges and thereafter the evidence on behalf of such teacher with respect thereto. At such hearing, the teacher shall have a right to be heard and represented by counsel.
[2] Section 286.011(1), Florida Statutes (1977), provides:

All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation or any political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, regulation, or formal action shall be considered binding except as taken or made at such meeting.
There is no change in the language of this statute from its original enactment as chapter 67-356, Laws of Florida.