412 So.2d 388 (1982)
Deloris Ernestine BUZZARD, Appellant,
v.
Marion Edward BUZZARD and State of Florida, Department of Administration, Division of Retirement, Appellees.
No. 81-672.
District Court of Appeal of Florida, Second District.
March 12, 1982.
Rehearing Denied April 14, 1982.
Larry K. Coleman of Knowles, Blalock, Coleman, Landers & Walters, Bradenton, for appellant.
James Birkhold and Edwin T. Mulock, Bradenton, for appellee Marion Edward Buzzard.
*389 Stanley M. Danek, Asst. Division Atty., Tallahassee, for appellee Division of Retirement.
BOARDMAN, Acting Chief Judge.
Petitioner Deloris Ernestine Buzzard (the wife) appeals an order dismissing appellee/codefendant the State Department of Administration, Division of Retirement (the Department) from her action for enforcement of the alimony provision of the final judgment of dissolution of her marriage to appellee/codefendant Marion Edward Buzzard (the husband). We affirm.
The final judgment of dissolution of the Buzzards' marriage, rendered in 1975, awarded the wife permanent alimony of $200 per month. In 1980, the wife filed a petition for enforcement of the alimony provision, alleging that the husband had ceased making alimony payments in August 1978, when he became a resident of Indiana, and had accrued an arrearage of $4600, and that he was currently eligible to receive retirement benefits in excess of $38,000 from the Department, which he could obtain in a lump sum payment upon request. The relief sought was addition of the Department as a party defendant, entry of a temporary injunction prohibiting the removal of the husband's retirement benefits from the jurisdiction, enforcement of the alimony provision of the judgment of dissolution by means of a continuing writ of garnishment on the husband's retirement funds, and costs and attorney's fees.
The trial court added the Department as a party defendant and granted the temporary injunction. The husband and the Department then moved to dissolve the injunction on the ground, inter alia, that Section 121.131, Florida Statutes (1979) exempted the husband's retirement benefits from legal process, and the Department filed an answer and affirmative defenses. The wife subsequently filed a motion, together with supporting documents, requesting the trial court to take judicial notice of the dismissal by an Indiana court of the URESA proceeding she had brought there.
After hearing, the trial court found "that the legislature has made the retirement benefits herein exempt from any legal process whatsoever" and therefore dissolved the temporary injunction and dismissed the Department as a party defendant. The wife's motion for rehearing was denied, and this appeal followed timely.
Section 121.131, Florida Statutes (1979), the Florida Retirement System Act, provides:
The benefits accrued to any person under the provisions of this chapter and the accumulated contributions, securities, or other investments in the trust funds hereby created are exempt from any state, county, or municipal tax of the state and shall not be subject to assignment, execution, or attachment or to any legal process whatsoever.

(Emphasis added.)
The wife argues, however, that Section 61.11, Florida Statutes (1979), provides an exception to the exemption of Section 121.131 that would otherwise apply. Section 61.11 provides in pertinent part: "When either party is about to remove himself or his property out of the state, ... the court may award a ne exeat or injunction against him or his property and make such orders as will secure alimony to the party who should receive it."
The wife relies on City of Miami v. Spurrier, 320 So.2d 397 (Fla. 3d DCA 1975), cert. denied, 334 So.2d 604 (Fla. 1976), which held that city pension benefits payable to a divorced spouse could be reached by garnishment to satisfy an award of alimony despite a municipal ordinance exempting pension rights from garnishment. However, Spurrier involved an ordinance rather than a statute, and to the extent that the Spurrier holding purported in dicta to apply to state statutes, we are constrained to disagree.
The principle we must apply here was succinctly stated in Anderson v. Anderson, 44 So.2d 652, 655 (Fla. 1950) (which involved the homestead exemption):
"The Courts have taken the view that inasmuch as the purpose of the exemption statute is to protect not only the *390 husband but also his family from destitution and becoming a public charge, the exemption statutes will not, unless the contrary intention is clearly shown, be construed to enable the husband to claim its benefit against the very persons to whom he owes the obligation of support and maintenance, and that to construe the statute otherwise would, at least in part, defeat its avowed object".
(Emphasis added.)
Since the husband here unquestionably has a duty to support, in the form of alimony payments, his former wife, we must examine the applicable statutes to determine whether an intention to allow him to claim the benefit of section 121.131 against her is clearly demonstrated. Having done so, we reluctantly conclude that the section 121.131 exemption does apply here.
In the first place, the exemption of the husband's pension funds from legal process is absolute and unequivocal. Moreover, section 61.11 is not applicable here, since the husband has already removed himself from the state of Florida, and there has been no showing that he is about to remove his pension funds, although he has the right to claim a lump sum benefit at any time.
We must next look at Section 61.12, Florida Statutes (1979). That statute provides:
(1) So much as the court orders of the money or other things due to any person or public officer, state or county, whether the head of a family residing in this state or not, when the money or other thing is due for the personal labor or service of the person or otherwise, is subject to attachment or garnishment to enforce the orders of the court of this state for alimony, suit money, or child support, or other orders in proceedings for dissolution, alimony, or child support; when the money or other thing sought to be attached or garnisheed is the salary of a public officer, state or county, the writ of attachment or garnishment shall be serviced on the public officer whose duty it is to pay the salary, who shall obey the writ as provided by law in other cases. It is the duty of the officer to notify the public officer whose duty it is to audit or issue a warrant for the salary sought to be attached immediately upon service of the writ. A warrant for as much of the salary as is ordered held under said writ shall not issue except pursuant to court order unless the writ is dissolved. No more of the salary shall be retained by virtue of the writ than is provided for in the order.
(2) The provisions of chapter 77 or any other provision of law to the contrary notwithstanding, the court may issue a continuing writ of garnishment to an employer to enforce the order of the court for periodic payment of alimony or child support or both. The writ may provide that the salary of any person having a duty of support pursuant to said order be garnisheed on a periodic and continuing basis for so long as the court may determine or until otherwise ordered by the court or a court of competent jurisdiction in a further proceeding.
(Emphasis added.) Since subsection 2 of this statute by its terms overrides exemption statutes solely with regard to the salary of a public employee and specifically provides for issuance of the writ of garnishment only to his employer, we find the conclusion that pensions are not covered by this statute inescapable. While it is true that the Florida legislature may not have been cognizant of the precise problem we are faced with here and in the public interest may wish to consider amending chapter 61 to afford ex-spouses more protection in situations such as this, we must now construe the statute as drawn.
We are aware that some of the other jurisdictions which have considered this issue reached the contrary result, see McDonald v. McDonald, 351 Mich. 568, 88 N.W.2d 398 (1958); Zwingman v. Zwingman, 150 A.D. 358, 134 N.Y.Supp. 1077 (1912). However, we, like the Supreme Court of California in Ogle v. Heim, 69 Cal. Rptr. 579, 442 P.2d 659 (1968), do not find these cases impressive. As stated in Ogle at 660: "`The general rule is that a court is not authorized in the construction *391 of a statute, to create exceptions not specifically made. If the statute announces a general rule and makes no exception thereto; the courts can make none.'" See also Fowler v. Fowler, 362 A.2d 204 (N.H. 1976).
We have considered the other arguments raised by the wife and find them to be without merit.
Accordingly, we AFFIRM the trial court's order dissolving the temporary injunction and dismissing the Department as a party defendant and REMAND the case for further proceedings.
GRIMES and CAMPBELL, JJ., concur.