SHARP, Judge,
dissenting.
I would opt to follow the rationale of the Third District Court of Appeal in City of Miami v. Spurrier, 320 So.2d 397 (Fla. 3rd DCA 1975), cert. denied, 334 So.2d 604 (Fla.1976), rather than the Second District Court of Appeal in Buzzard v. Buzzard, 412 So.2d 388 (Fla. 2d DCA 1982), review denied, 419 So.2d 1195 (Fla.1982). The public policy of this state should be that judicial orders for payment of alimony or child support are enforceable, not elusive or ephemeral. To hold otherwise makes likely the creation of a class of persons who will be dependent upon the state or federal government for welfare and support because they have no effective remedy to non-payment.
This situation is well illustrated in this case. Exempting the state pension of the retiree from reach by the former wife dooms her to continuing poverty. The trial judge in this case said:
This woman was living on the brink of poverty and living in deplorable conditions on the amount of money that the husband was required to pay and he wasn’t paying.
The reasons for exempting state pensions from garnishment may have been to keep state employees from becoming public charges, but surely it was not to make their dependents public charges in return.
Ironically, the only party who appeared below in opposition to garnishment and who now seeks to overturn the trial judge in this case is the Department of Administration, Division of Retirement. The Division admits it is primarily a “stakeholder” in this proceeding. Yet it argues its opposition to the garnishment in this case is necessary to protect the “integrity” of the state’s pension funds from “unwarranted and unlawful” jeopardy. How the paying of some of Albritton’s earned pension funds as they accrue to his needy dependent can possibly have such an impact or effect is a mystery to me. If the Division is really an impartial stakeholder, the identity of the payee should be irrelevant.
Further, I question the rationale of Buzzard which distinguishes pension rights from salary. A pension from the state or other state agency is nothing more than the delayed payment of earned salary of *230 compensation for work performed.[1] It is not a gift or bonus stemming from some unrelated source.[2] In my view it should be considered as an earned marital asset[3] and it should not be unreachable by destitute dependents.
As an alternative to a reversal in this case, and even if the Buzzard case is followed, I would direct that the continuing writ of garnishment be treated as an income deduction order pursuant to section 61.081, since the writ and the procedure followed in this case meet all the requirements of this section except bearing a proper title. Section 61.081 makes explicit its applicability to pensions:
In addition and together with any such alimony order or modification thereof pursuant to s. 61.08(4), the court shall issue an income deduction order which directs the employer or former employer, or other person or agency providing or administering income to the person obligated for payment of alimony, as specified in s. 61.181(3)(b)3., to deduct from all moneys due and payable to such person, the entitlement to which moneys is based upon, but not limited to, remuneration for present or past employment, commissions and bonuses, retirement benefits, pensions, workers’ compensation, dividends, royalties, or trust accounts, such amounts as are required to meet the obligation as provided in s. 61.181(3)(b). The income deduction order shall be forwarded to the entity authorized by law or contract to receive, record, and disburse the alimony payments of the person obligated for payment of alimony; and the order shall take effect only upon service of a copy thereof in accordance with the provisions of s. 61.181(3) or s. 409.-2574(4), as appropriate.
See also, Bowen v. Bowen, 471 So.2d 1274 (Fla.1985) (court may order an income deduction order under section 61.081 for alimony or child support).

. Greene v. Gray, 87 So.2d 504, 506 (Fla.1956) (dictum); State ex rel. Watson v. Lee, 157 Fla. 62, 24 So.2d 798 (1946); Voorhees v. City of Miami, 145 Fla. 402, 199 So. 313 (1940); and In re Advisory Opinion to the Governor, 98 Fla. 843, 124 So. 728 (1929).

. Voorhees, 39 Fla.Jur.2d 148 (1982).

.Bogard v. Bogard, 478 So.2d 1201 (Fla. 5th DCA 1985) (question certified to supreme court as a matter of great public importance) and Clarke v. Clarke, 443 So.2d 486 (Fla.2d DCA 1984) (pension is a marital asset for purposes of equitable distribution); but see, McClung v. McClung, 465 So.2d 637 (Fla.2d DCA 1985) (error to award pension as a marital asset as such award could not be enforced).