496 So.2d 862 (1986)
Daniel FLOYD, Petitioner,
v.
The Honorable E. Randolph BENTLEY, Circuit Judge, Tenth Judicial Circuit, Respondent.
No. 86-2064.
District Court of Appeal of Florida, Second District.
October 3, 1986.
Rehearing Denied October 22, 1986.
*863 James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
Daniel Floyd seeks a writ of prohibition barring the respondent from proceeding with indirect criminal contempt proceedings after denying Floyd's demand for a jury trial. We treat his petition as a petition for writ of mandamus. Caverly v. State, 436 So.2d 191 (Fla. 2d DCA 1983); Sarasota-Manatee Airport Authority v. Alderman, 238 So.2d 678 (Fla. 2d DCA 1970); State ex rel. Shailer v. Booker, 241 So.2d 720 (Fla. 4th DCA 1970).
Neither the United States Constitution nor the Florida Constitution affords the right to a jury trial in criminal contempt proceedings when the potential punishment has been limited to no more than six months. Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); Aaron v. State, 345 So.2d 641 (Fla.), cert. denied, 434 U.S. 868, 98 S.Ct. 208, 54 L.Ed.2d 146 (1977) (Aaron II); Aaron v. State, 284 So.2d 673 (Fla. 1973) (Aaron I); Martinez v. State, 339 So.2d 1133 (Fla. 2d DCA 1976), cert. denied, 346 So.2d 68 (Fla. 1977). Since the trial court has entered a "notice to restrict sentence" to the effect that the maximum sentence upon a finding of guilt will be 179 days, Floyd does not claim a constitutional right to a jury trial. Rather, he maintains that the legislature, by enacting chapter 86-115, Laws of Florida, has provided a statutory right to a jury in criminal contempt proceedings.
The statute in question, which creates section 918.0155 Florida Statutes (1986) (tentatively renumbered as 918.0157), provides as follows:
Right to trial by jury.  In all prosecutions for a violation of a state law or a municipal or county ordinance punishable by imprisonment, the defendant shall have, upon demand, the right to a trial by an impartial jury in the county where the offense was committed, except as to all such prosecutions for violations punishable for a term of imprisonment of 6 months or less, if at the time the case is set for trial the court announces that in the event of conviction of the crime as charged or of any lesser included offense, a sentence of imprisonment will not be imposed, and the defendant will not be adjudicated guilty, unless a right to trial by jury for such offense is guaranteed under the state or federal constitution.
However, for this court to find that the legislature, in enacting the above statute, intended to confer the right to jury trials in contempt proceedings, we would also be required to find a legislative intent to repeal section 38.22, Florida Statutes (1985), which provides that the court "shall hear and determine all questions of law and fact" when exercising its inherent contempt power. This we cannot do.
There exists a presumption that laws are passed with knowledge of all prior laws already on the books, as well as a presumption that the legislature neither intended to keep contradictory enactments in force nor to repeal a prior law without an express intention to do so. Woodgate Development Corp. v. Hamilton Investment *864 Trust, 351 So.2d 14 (Fla. 1977). Accordingly, courts have a duty to adopt a scheme of statutory construction which harmonizes and reconciles two statutes and to find a reasonable field of operation that will preserve the force and effect of each. Woodgate; American Bakeries Co. v. Haines City, 131 Fla. 790, 180 So. 524 (1938). It is a well-settled rule of statutory construction that a special statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in more general terms; in such a situation the more narrowly-drawn statute operates as an exception to or qualification of the general terms of the more comprehensive statute. Adams v. Culver, 111 So.2d 665 (Fla. 1959); Stewart v. DeLand-Lake Helen Special Road and Bridge District, 71 Fla. 158, 71 So. 42 (1916); State ex rel. Loftin v. McMillan, 55 Fla. 246, 45 So. 882 (1908). Only if the two statutory provisions present such an inconsistency as cannot be harmonized or reconciled will the latest expression of legislative will prevail. Tribune Co. v. School Board of Hillsborough County, 367 So.2d 627 (Fla. 1979); Askew v. Schuster, 331 So.2d 297 (Fla. 1976). The effectiveness of a prior, more specific act is retained unless the subsequent general act is intended as an overall restatement of the law on the same subject. State v. Dunmann, 427 So.2d 166 (Fla. 1983); Town of Palm Beach v. Palm Beach Local 1866 of the International Association of Fire Fighters, 275 So.2d 247 (Fla. 1973).
The supreme court itself, in Aaron II, 345 So.2d at 643, pointed out the adverse effects which would occur if jury trials were mandated in all contempt proceedings:
To adopt fully the position of appellant Aaron and require a jury trial for all criminal contempts would eliminate for practical purposes much of the contempt authority of a trial judge. It would bring the right of a jury trial into contempt proceedings in domestic relation matters, trial disruption incidents, violations of injunctive orders, and conduct which interferes with jurors and witnesses and the summary discipline of attorneys.
We find no evidence in the language of chapter 86-115 that the legislature has seen fit to take such a drastic step as to repeal or otherwise modify section 38.22. Rather, it appears that the legislature has extended the right to jury trial to certain classes of offenses where such right was not previously afforded, but without interfering in the traditional power of courts to punish criminal contempts.
We hold that respondent has no statutory duty to afford Floyd a jury trial under the circumstances of this case and deny the petition for writ of mandamus.
GRIMES, A.C.J., and LEHAN and FRANK, JJ., concur.