## BURT v BURT

Case No. 86-21139

Thirteenth Judicial Circuit, Hillsborough County

February 8, 1989

### APPEARANCES OF COUNSEL

**Joel Plough,** for petitioner.

**Charlene Edwards,** for respondent.

### OPINION OF THE COURT

MANUEL MENENDEZ, JR., Circuit Judge.

### *ORDER ON PETITIONER-FORMER WIFE'S MOTION FOR CONTEMPT*

This matter came before the court for hearing June 30, 1988, on Petitioner-Former Wife's (Betty J. Burt) motion for contempt. By her

motion, Betty J. Burt sought to have the General Employees Pension Office of the City of Tampa (The City) held in contempt of court for having willfully failed to honor an income deduction order previously issued by this court. The City answered, claiming that by special act of the Florida Legislature, the City's pension fund was exempt from income deduction orders and therefore it could not be held in contempt. The court concludes that while the City is subject to income deduction orders, it previous refusal to comply was not contemptuous. Accordingly, while the court declines to hold the City in contempt of court, the City nevertheless is orders to come into full compliance with the previously entered income deduction order within 15 days of this order.

The subject income deduction order was entered August 27, 1987, contemporaneously with a final judgment of dissolution of marriage. By virtue of that final judgment the Former Husband, James E. Burt, was to pay to Betty J. Burt rehabilitative alimony of ten dollars ($10.00) per week for a period of one (1) year. The final judgment also required James E. Burt to pay to Betty J. Burt support of two hundred thirty dollars ($230.00) per month for the support of their two (2) minor children. The income deduction order was directed to the City because James E. Burt, as a former employee, was receiving pension benefits from the City. The City failed to comply with the income deduction order. The City claims that the provisions of Chapter 81-497, Section 20, Laws of Florida, specifically exempt the pension benefits from the provisions of any income deduction order. Section 20 provides, in pertinent part;

"The pensions or other benefits accrued or accruing to any person under the provisions of this Act, . . . shall not be subject to execution or attachment or to any legal process whatsoever . . ."

The City's pension program is regulated by Chapter 81-497. The language of Section 20 is similar to that found in Fla. Stats. § 121.131, which pertains to the State of Florida Retirement System. The pertinent portion of that statute provides:

"The benefits accrued to any person under the provisions of this chapter . . . shall not be subject to assignment, execution, or attachment or to any legal process whatsoever."

The provisions of Section 121.131 were addressed by the Second District Court of Appeals in *Buzzard v Buzzard*, 412 So.2d 388 (Fla. 2d DCA 1982), wherein the Court held that, by virtue of this language, a former husband's state retirement benefits were exempt against a former wife's attempt to secure alimony payments from such benefits.

In *Buzzard,* the former wife sought to enforce the alimony provisions of her final judgment of dissolution of marriage by means of a continuing writ of garnishment on the former husband's retirement funds. The former wife asserted that Section 61.12 of the Florida Statutes provided a means for her request in that it allowed garnishment to enforce alimony orders where the money sought to be garnished is the salary of a public officer. She further argued that Section 61.12 provided an exception to the exemption of Section 121.131. The Court in *Buzzard* however, found that the exception overrode exemption statutes solely with regard to the salary of public employees, and that pension benefits did not constitute salary for purpose of the exception.

*Buzzard* is distinguishable from the factual scenario presented in the instant case. The provisions of the Florida Statutes dealing with income deduction orders are, by definition, applicable to retirement benefits and pensions. Fla. Stats. § 61.046 defines "income" as "any form of payment to an individual, regardless of source, including but not limited to: . . . annuity and retirement benefits, pensions, . . ., any any other payments made by any person, . . ., federal or state government, or any units of local government." Only Veterans Administration disability and unemployment compensation, benefits are excluded from this definition of "income." Fla. Stats. § 61.1301, provides, in pertinent part that:

"(a) Upon the entry of an order establishing, enforcing, or modifying alimony or a child support obligation, the court *shall* enter a separate order for income deduction . . .

(b) The income deduction order *shall:*

1. Direct a payor to deduct from all income due and payable to an obligor the amount required by the court to meet the obligor's support obligation; . . ." (emphasis supplied). "Obligor" is defined as the person responsible for making support payments made pursuant to an alimony or child support order. Fla. Stats. § 61.046(9). In the instant case James E. Burt is the "obligor". The term "Payor" is defined as an employer or former employer or any other person or agency providing or administering income to the obligor. In this case, the City. Under these provisions the City clearly is subject to an income deduction order.

The City, however, argues that when a special act (such as Chapter 81-497) and a general law (i.e. Fla. Stats. § 61.1301) conflict, the special act should prevail. *Rowe v Pinellas Sports Authority,* 461 So.2d 72 (Fla. 1984). While this is a well-settled rule of statutory construc-

tion it is also axiomatic that where two statutory provisions present such an inconsistency as cannot be harmonized or reconciled, the latest expression of legislative intent will prevail. *e.g., Tribune Co. v School Bd. of Hillsborough County,* 367 So.2d 627 (Fla. 1979); *Floyd v Bentley,* 496 So.2d 862 (Fla. 2d DCA 1986).

The provisions of Chapter 81-497 and Fla. Stats. 61.1301 are clearly in conflict. The Legislature enacted Section 61.1301 in 1986, subsequent to Chap. 81-497. The wording of Section 61.1301 is specific. It is clear that the Legislature intended to override any exemption statute as to child support and alimony orders. It specifically made the provisions of Chapter 61 of the Florida Statutes applicable to all pensions. Accordingly, the City's argument must fail. The Court finds that the City is subject to the income deduction order previously entered in this case. Since the City's previous noncompliance does not appear to have been contemptuous in nature, the Court will decline to hold that the City is in contempt of court at this time. However, the City is hereby directed to come into full compliance with that previous income deduction order within fifteen (15) days of this Order.

DONE AND ORDERED this 8th day of February, 1989 at Tampa, Hillsborough County, Florida.