# IN RE: MARRIAGE OF ALVAREZ
## Case No. 76-8822
Thirteenth Judicial Circuit, Hillsborough County
June 21, 1989

### APPEARANCES OF COUNSEL

**David M. Carr,** for wife.

**Paul Riffel,** for husband.

**James B. Loper,** for The Board of Trustees of the Firefighters and Police Officers Pension Fund.

### OPINION OF THE COURT

MANUEL MENENDEZ, JR., Circuit Judge.

*ORDER DENYING VERIFIED MOTION TO DISSOLVE INCOME DEDUCTION ORDER SENT TO THE BOARD OF TRUSTEES OF THE FIREFIGHTERS AND POLICE OFFICERS PENSION FUND OF THE CITY OF TAMPA*

THIS MATTER came before the Court for hearing June 21, 1988 on a verified motion to dissolve an income deduction order filed on behalf of the Board of Trustees of the Firefighters and Police Officers Pension Fund of the City of Tampa (the Board). The Board asserts that its pension fund is exempt from all legal process, including an

income deduction order. The Court concludes that the subject pension fund is subject to the income deduction order and that the motion to dissolve should therefore be denied.

The income deduction order was entered October 2, 1987 contemporaneously with an order modifying the final judgment for dissolution of marriage in this case. That order of modification amended the final judgement to provide in pertinent part, that the former husband (Phillip M. Alvarez) shall pay to the former wife (Linda Earline Alvarez) as support for the minor child of the parties the sum of one hundred forty nine dollars and fifty cents ($149.50) per month. The income deduction order was directed to the Board because the former husband was receiving a line of duty disability pension from the Board. The former husband was receiving these benefits pursuant to a pension contract promulgated by City of Tampa Ordinance Number 4746-A enacted September 20, 1989 and codified in Section 28-17 of the City of Tampa Code. That pension contract has been approved, ratified, validated and confirmed by Section 3 of Chapter 74-6.3, Law of Florida. Thus, as the Board asserts, it is a special act of the Florida Legislature.

Section 18 of the pension contract provides:

"No pension provided for herein shall be assignable or subject to garnishment for debt or other legal process." The Board avers that this language, as well as provisions of Chapters 175 and 185 of the Florida Statutes exempts the pension from an income deducting order. Fla. Stats. § 175.241, which pertains to Municipal Firefighters Pension Trust Funds, provides:

"The pensions, annuities, or other benefits accrued or accruing to any person under the provisions of this act . . . shall not be subject to execution or attachment or to any legal process whatsoever, and shall be unassignable." Fla. Stats. § 185.25, which pertains to Municipal Police Officers Retirement Trust Fund, provides:

"The pensions, annuities, or any other benefits accrued or accruing to any person under the provisions of this chapter . . . shall not be subject to execution or attachment or to any legal process whatsoever and shall be unassignable."

These provisions are similar to in Fla. Stats. § 121.131, which pertains to the State of Florida Retirement System. The pertinent portion of that statute provides:

"The benefits accrued to any person under the provisions of this chapter . . . shall not be subject to assignment or to any legal process whatsoever."

The provisions of Section 121.131 were addressed by the Second District Court of Appeals in *Buzzard v Buzzard,* 412 So.2d 388 (Fla. 2d DCA 1982), wherein the Court held that, by virtue of this language, a former husband's state retirement benefits were exempt against a former wife's attempt to secure alimony payments from such benefits. In *Buzzard,* the former wife sought to enforce the alimony provisions of her final judgment of dissolution of marriage by means of a continuing writ of garnishment on the former husband's retirement funds. The former wife asserted that Section 61.12 of the Florida Statutes provided a means for her request in that it allowed garnishment to enforce alimony orders where the money sought to be garnished is the salary of a public office. She further argued that Section 61.12 provided an exception to the exemption of Section 121.131. The Court in *Buzzard* found, however, that the exception overrode exemption statutes solely with regard to the "salary" of public employees, and that pension benefits did not constitute salary for purposes of the exception.

*Buzzard* is distinguishable from the instant case. The provisions of the Florida Statutes dealing with income deduction orders are, by definition, applicable to retirement benefits and pensions. Fla. Stats. § 61.046 defines "income" as "any form of payment to an individual, regardless of source, including but not limited to: . . . annuity and retirement benefits, pensions, . . . and any other payments made by any person, . . . ,federal or state government, or any units of local government." Only Veterans Administration disability, and unemployment compensation benefits are excluded from this definition of "income." Fla. Stats. § 61.1301, provides, in pertinent part that:

"(a) Upon the entry of an order establishing, enforcing, or modifying alimony or a child support obligation, the court shall enter a separate order from income deduction. . .

(b) The income deduction order *shall:*

1. Direct a payor to deduct from all income due and payable to an obligor the amount required by the court to meet the obligor's support obligation; . . ." (emphasis supplied). "Obligor" is defined as the person responsible for making support payments made pursuant to an alimony or child support order. Fla. Stats. § 61.046(9). In the instant case Philip M. Alvarez is the "obligor." The term "Payor" is defined as an employer or former employer or any other person or agency providing or administering income to the obligor. Under these provisions the Board clearly is subject to an income deduction order.

It is a well settled rule of statutory construction that were separate

**127**

statutory provisions present such an inconsistency as cannot be harmonized or reconciled, the latest expression of legislative intent will prevail. *e.g., Tribune Co. v School Bd. of Hillsborough County,* 367 So.2d 627 (Fla. 1979); *Floyd v Bentley,* 496 So.2d 862 (Fla. 2d DCA 1986). The provisions of Fla. Stat. § 61.1301 clearly conflict with the quoted provisions of Chapter 74-613, Laws of Florida, as well as the provisions of Fla. Stats. §§ 175.241 and 185.25. The Legislature enacted Section 61.301 in 1986, subsequent to the other referenced statutory provisions. The wording of Section 61.1301 is specific. It is clear that the Legislature intended to override any exemption statute as to child support and alimony orders. It specifically made the provisions of Chapter 61 of the Florida Statutes applicable to all pensions. Accordingly, the Board's argument must fail. The Court finds that the Board is subject to the income deduction order previously entered in this case.

The Board's "Verified Motion to Dissolve Income Deduction Order sent to the Board of Trustees of the Firefighters and Police Officer Pension Fund of the City of Tampa" is therefore DENIED.

Done and Ordered this 21st day of June, 1989, in Tampa, Hillsborough County, Florida.