The Honorable Buzz Ritchie Representative, District 2 302 House Office Building Tallahassee, Florida 32399-1300
Dear Representative Ritchie:
You have asked substantially the following question:
Must the voting procedures outlined in s. 13, Ch. 72-655, Laws of Florida, be amended to conform with the "Mail Ballot Election Act," ss. 101.6101-6107, F.S.?
In sum, I am of the following opinion:
Absent legislative intent to amend or repeal Ch. 72-655, Laws of Florida, it appears that the Mail Ballot Election Act, ss.101.6101-6107, F.S., does not preclude use of mail ballot elections by the Pensacola Downtown Improvement Board.
Chapter 72-655, Laws of Florida, created the Pensacola Downtown Improvement Board (DIB) as a special taxing district. Section 13, Ch. 72-655, Laws of Florida, prescribes the referendum procedures for approval of the act by the qualified electors in the downtown area. For purposes of the approval referendum, the city clerk is designated to act as the election supervisor.
Within forty-five days of the city's adoption of an ordinance defining the downtown area, the clerk must compile a list of the qualified electors in the area from the tax assessment roll of the city from the preceding year. These electors must be notified of the general provisions of the act individually by certified United States mail and, in addition, by publication at least once in a newspaper of general circulation within the forty-five day period.
Within fifteen days of closing the registration list, the clerk is directed by the special act to send a ballot to each qualified elector by certified United States mail. These ballots must be returned by mail or by personal delivery at city hall. All ballots received within 120 days after passage of the ordinance are tabulated, with the results certified to the city council within five days after the 120 day period. The act is deemed to have been approved when the clerk certifies that approval has been given by qualified voters representing in excess of fifty percent of the assessed value of the property within the downtown area.
As a special taxing district, the DIB is authorized to levy ad valorem taxes at a rate not to exceed one mill on the assessed value of property located within the district.[1] The one mill limitation, however, may be increased in a referendum election called by the board solely for that purpose and held in accordance with the provisions in s. 13, Ch. 72-655, Laws of Florida.[2]
Thus, the special act creating the DIB sets forth the procedures which must be followed in holding a mail ballot referendum for increasing the tax millage which may be levied by the district
In 1987, the Legislature enacted the "Mail Ballot Election Act."[3] The act authorizes elections by mail ballot if all or a portion of the qualified electors of a special district covering no more than one county are the only electors eligible to vote, the governing body responsible for calling the election and the supervisor of elections authorize the mail ballot election, and the secretary of state approves a written plan of the election.[4]
Section 101.6102(2), F.S., states that mail ballot elections may not be used for:
(a) An election at which any candidate is nominated, elected, retained, or recalled; (b) An election held on the same date as another election, other than a mail ballot election, in which the qualified electors of that political subdivision are eligible to cast ballots; or (c) Any referendum to approve the levy of taxes or the issuance of bonds. (e.s.)
Thus, under the Mail Ballot Election Act, mail ballots may not be used to approve the levy of taxes. The special act creating the DIB, however, specifically provides for the use of mail ballots to approve an increase in the specified millage.
The general rule of statutory construction is that a more specific statute covering a particular subject controls over a general statute on the same subject.[5] In such a situation, the more narrowly-drawn statute operates as an exception to or qualification of the general terms of the more comprehensive statute.[6] The effectiveness of a prior, more specific act is retained unless the subsequent general act is intended as an overall restatement of the law on the same subject.[7]
The title to the Mail Ballot Election Act reflects that the legislation authorizes referendum elections by mail ballot and provides restrictions.[8] There is no language in the act which indicates an intent to effect an overall revision of the subject of mail ballot elections. Furthermore, a review of the legislative history of the Mail Ballot Act does not indicate an intent to repeal or alter existing acts. Rather, the act provides authorization, where none previously existed, for jurisdictions no larger than a county to conduct referendum elections by mail ballot.[9]
This office has been advised by the Division of Elections in the Department of State that it concurs in the conclusion that the Mail Ballot Election Act operates to allow those jurisdictions which previously lacked the authority to conduct referenda by mail ballot to do so, and does not control over the special legislation relating to the DIB.[10]
Absent an express legislative intent to amend or repeal the Pensacola Downtown Improvement Board Act or similar existing legislation which may authorize mail ballot elections, it appears the Mail Ballot Election Act would not alter the provisions in Ch. 72-655, Laws of Florida, allowing mail ballot elections for purposes of increasing the millage levied by the DIB. In order to avoid possible confusion, however, it may be advisable to amend Ch. 72-655, Laws of Florida, to reflect its exemption from or adherence to the provisions in the Mail Ballot Election Act, ss.101.6101-6107, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 9(1), Ch. 72-655, Laws of Florida.
[2] Id.
[3] Ch. 87-364, Laws of Florida.
[4] Section 101.6102(1), F.S.
[5] State v. Billie, 497 So.2d 889 (2 D.C.A. Fla., 1986), review denied, 506 So.2d 1040 (Fla. 1987).
[6] Floyd v. Bentley, 496 So.2d 862 (2 D.C.A. Fla., 1986), review denied, 504 So.2d 767 (Fla. 1987).
[7] Id. at 864.
[8] Chapter 87-364, Laws of Florida.
[9] See, Senate Staff Analysis, SB 222, Committee on JudiciaryCivil, May 18, 1987.
[10] See, Department of Environmental Regulation v. Goldring,477 So.2d 532 (Fla. 1985) (great deference given to administrative interpretations of statutes which an agency is required to enforce).